**Opinion issued December 14, 2023**



In The

# Court of Appeals

For The

# First District of Texas

_____

NO. 01-22-00846-CR

NO. 01-22-00847-CR

_____

**LARRY TONY RASBERRY, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

On Appeal from the 230th District Court
Harris County, Texas
Trial Court Case Nos. 1625395 & 1625396

**MEMORANDUM OPINION**

A jury found appellant, Larry Tony Rasberry, guilty of the felony offenses of possession of a firearm by a felon[1] and aggravated assault.[2] After finding true the allegations in two enhancement paragraphs that appellant had twice been previously convicted of felony offenses, the jury assessed his punishment at confinement for twenty-five years for the offense of possession of a firearm by a felon and at thirty years for the offense of aggravated assault, to run concurrently. Appellant timely filed notices of appeal.

Appellant's appointed counsel on appeal has filed a motion to withdraw in each appeal, along with a brief stating that the record in each case presents no reversible error and the appeals are without merit and are frivolous. *See Anders v. California*, 386 U.S. 738 (1967).

Counsel's brief meets the *Anders* requirements by presenting a professional evaluation of the records and supplying the Court with references to the records and legal authority. *See id.* at 744; *see also High v. State*, 573 S.W.2d 807, 812 (Tex. Crim. App. 1978). Counsel indicates that she has thoroughly reviewed the record in each appeal and is unable to advance any grounds of error that warrant reversal. *See*

---

[1]     *See* TEX. PENAL CODE ANN. § 46.04(a), (e). Appellate cause no. 01-22-00846-CR, trial court cause no. 1625396.

[2]     *See id.* §§ 22.01(a), 22.02(a), (b). Appellate cause no. 01-22-00847-CR, trial court cause no. 1625395.

*Anders*, 386 U.S. at 744; *Mitchell v. State*, 193 S.W.3d 153, 155 (Tex. App.—Houston [1st Dist.] 2006, no pet.).

Counsel has informed the Court that she provided appellant with a copy of the brief, the motions to withdraw, and informed him of his right to examine the appellate records and file a response to counsel's *Anders* brief. Counsel has also provided appellant with a form motion to access the appellate records.[3] *See Kelly v. State*, 436 S.W.3d 313, 319–20 (Tex. Crim. App. 2014); *In re Schulman*, 252 S.W.3d 403, 408 (Tex. Crim. App. 2008). Appellant has not filed a response to his counsel's *Anders* brief.

We have independently reviewed the entire record in each appeal, and we conclude that no reversible error exists in the records, there are no arguable grounds for review, and the appeals are frivolous. *See Anders*, 386 U.S. at 744 (emphasizing reviewing court—and not counsel—determines, after full examination of proceedings, whether appeal is wholly frivolous); *Garner v. State*, 300 S.W.3d 763, 767 (Tex. Crim. App. 2009) (reviewing court must determine whether arguable grounds for review exist); *Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex. Crim.

---

[3] This Court also notified appellant that counsel had filed an *Anders* brief and motions to withdraw and informed appellant that he had a right to examine the appellate record in each appeal and file a response to his counsel's *Anders* brief. And this Court provided appellant with a form motion to access the appellate records. *See Kelly v. State*, 436 S.W.3d 313, 319–22 (Tex. Crim. App. 2014); *In re Schulman*, 252 S.W.3d 403, 408 (Tex. Crim. App. 2008).

3

App. 2005) (same); *Mitchell*, 193 S.W.3d at 155 (reviewing court determines whether arguable grounds exist by reviewing entire record). We note that appellant may challenge a holding that there are no arguable grounds for an appeal in either case by filing a petition for discretionary review in the Texas Court of Criminal Appeals. *See Bledsoe*, 178 S.W.3d at 827 & n.6.

## Conclusion

We affirm the judgments of the trial court and grant appellant's appointed counsel's motion to withdraw filed in each appeal.[4] Attorney Cheri Duncan must immediately send appellant the required notice and file a copy of the notice with the Clerk of this Court. *See* TEX. R. APP. P. 6.5(c). We dismiss any other pending motions as moot.

Julie Countiss
Justice

Panel consists of Justices Goodman, Countiss, and Farris.

Do not publish. TEX. R. APP. P. 47.2(b).

---

[4] Appellant's appointed counsel still has a duty to inform appellant of the result of the appeals and that appellant may, on his own, pursue discretionary review in the Texas Court of Criminal Appeals. *See Ex parte Wilson*, 956 S.W.2d 25, 27 (Tex. Crim. App. 1997).